IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 21-cr-250-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DANIEL ESPINOZA

    Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582

---

Before the Court is Defendant Daniel Espinoza's *pro se* Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582 ("Motion"). (ECF No. 68.) The Government filed an opposition brief. (ECF No. 73.) For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

In March 2021, Espinoza pleaded guilty to possession with intent to distribute one kilogram or more of a mixture of substance containing a detectable amount of heroin, and to intentionally aid, abet, counsel, command, induce, and procure the same. (ECF Nos. 37, 64.) At the time of Espinoza's sentencing, the sentencing guidelines, as applied to him, provided for a total offense level of 23, a criminal history score of zero, a criminal history category of I, and a resulting advisory guideline range of 46–57 months. (ECF No. 59 at 8.) In February 2023, the Court applied a downward variance from the advisory guidelines and sentenced Espinoza to a term of imprisonment of 36 months'

imprisonment. (ECF No. 64 at 2.)

In December 2023, Espinoza filed the instant motion, asking the Court to reduce his sentence based on the "Zero-Point Offender" section of Amendment 821, which provides that a defendant is eligible for a decrease of two offense levels if they were not assigned any criminal history points at the time of sentencing. U.S.S.G. § 4C1.1. (ECF No. 68 at 3.) In its opposition filing, the Government appears to concede that Espinoza is a "Zero-Point Offender" but nonetheless maintains that he is not entitled to a sentence reduction because his original sentence is less than the minimum of the amended guideline range. (ECF No. 73 at 3.)

## II. ANALYSIS

After a judgment of conviction is entered, federal courts have limited authority to modify a sentence. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). That said, section 3582(c) allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c); *see also United States v. Price*, 44 F.4th 1288, 1294 (10th Cir. 2022) (noting that "retroactive Guideline amendments" are a valid statutory reason to modify a sentence).

When considering a retroactive amendment to the sentencing guidelines, the Court engages in a two-step inquiry. *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021). First, the Court must determine the defendant's eligibility for a sentence reduction—specifically, whether the applicable guideline range has been lowered. Second, the Court considers whether the reduction is warranted based on the section

3553(a) factors. *See United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). Importantly, a court may only reduce a sentence if doing so would be "consistent with applicable policy statements" of the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Effective November 1, 2023, the Sentencing Commission amended the sentencing guidelines. Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, which provides for a decrease of two offense levels for "Zero-Point Offenders." As relevant here, U.S.S.G. § 4B1.1 provides that a defendant is eligible for a decrease of two offense levels if they are a "Zero-Point Offender," *i.e.*, a defendant with no criminal history points. Additionally, the defendant is eligible for a reduction in their offense level only if they meet all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving

Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1(a).

Espinoza argues that, because he was assigned no criminal history points and meets all of the above criteria, he is "Zero-Point Offender" entitled to a decrease of two offense levels. (ECF No. 68 at 3.) Consequently, in his view, based on an adjusted total offense level of 21 (two less than the 23 he was originally sentenced under) and criminal history category of I, his guideline sentence should decrease from 46–57 months to 37–46 months. (*Id.*)

Even so, Espinoza is still not entitled to a sentence reduction. As discussed, the Court sentenced Espinoza to 36 months' imprisonment, which is one month below the amended guideline range. Pursuant to section 3582(c)(2), the Court may only reduce a sentence if it "is consistent with applicable policy statements issued by the Sentencing Commission." And section 1B1.10(b)(2)(A) states that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." Hence, because Espinoza's 36-month sentence is already lower than the amended minimum guideline range, he is not eligible for a sentence reduction.

Accordingly, the Court denies Espinoza's Motion.

4

### III.     CONCLUSION

For the foregoing reasons, the Court DENIES Espinoza's Motion (ECF No. 68).

Dated this 6th day of September, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge